IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CAZZIE L. WILLIAMS,**

    Petitioner,

v.                                                                       Criminal Action No. **3:12CV795**

**ERIC D. WILSON,**

    Respondent.

## MEMORANDUM OPINION

Cazzie L. Williams, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241[1] petition. (ECF No. 1.) The United States Court of Appeals for the Third Circuit summarized Williams's procedural history as follows:

> On April 14, 2003, Williams pleaded guilty to a four-count indictment that charged him with committing four bank robberies in New Jersey. Williams consented to prosecution in New Jersey and then pleaded guilty to a one-count indictment from the Northern District of Ohio, which charged him with committing one bank robbery, and to a two-count indictment from the Middle District of Pennsylvania, which charged him with committing two bank robberies. At his April 14, 2003 appearance, Williams admitted that he robbed a total of 27 banks in New Jersey, Pennsylvania, Ohio, Maryland, and Virginia from September 1998 through September 2002.

*United States v. Williams*, 151 F. App'x 160, 161 (3d Cir. 2005). The United States District Court for the District of New Jersey ("Sentencing Court") sentenced Williams to 156 months of

---

[1] That statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless—
    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

imprisonment. *See Williams v. United States*, No. 08–1242 (JAG), 2009 WL 2191178, at *1 (D.N.J. July 22, 2009). On July 22, 2009, the Sentencing Court denied a 28 U.S.C. § 2255 motion filed by Williams. *Id.* (citation omitted).[2] In his § 2241 Petition, Williams contends that his continuing detention constitutes "'INVOLUNTARY SERVITUDE' in violation of the 13th Amendment.[3]" (§ 2241 Pet. 12.) For the reasons set forth below, the action will be DISMISSED for want of jurisdiction.

### A. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[4] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United

---

[2] This Court previously has denied a 28 U.S.C. § 2241 petition filed by Williams. *See Williams v. Wilson*, 472 F. App'x 152, 152 (4th Cir. 2012).

[3] "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1.

[4] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his [or her] own, [he or she] has no source of redress." *Id.* at 333 n.3 (emphasis added).

### B. Analysis of Williams's 28 U.S.C. § 2241 Petition

Williams fails to satisfy the second prong of *In re Jones*. *See id.* at 334. Specifically, Williams fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal.*" *Id.* (emphasis added). The conduct of which Williams stands

convicted, bank robbery, remains a crime. Accordingly, the Court will DISMISS Williams's 28 U.S.C. § 2241 Petition for want of jurisdiction.

An appropriate Order shall issue.

Date: 1/21/14
Richmond, Virginia

/s/ _____
John A. Gibney, Jr.
United States District Judge